UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FAYE B. FEINSTEIN, COURT-APPOINTED
RECEIVER FOR WEALTH MANAGEMENT
LLC, EMPLOYEE SERVICES OF APPLETON,
INC., WML WATCH STONE PARTNERS, L.P.,
WML QUETZAL PARTNERS, L.P., WML
PALISADE PARTNERS, L.P. AND WML L3 LLC

      Plaintiffs,

 v.                  Case No. 10-C-00312

WOOD, HAT & SILVER, L.L.C.,
WOOD, HAT & SILVER 401(K) PROFIT
SHARING PLAN & TRUST, JOSEPH AARON,
THE BROWN INVESTMENT FUND, LP, JOANNE
MILLER TRUST, RIEK, M.D., AND FOX VALLEY
PLASTIC SURGERY 401(K) PLAN,

      Defendants.

**ORDER**

  On June 23, 2010, Defendants Wood, Hat & Silver, the Wood, Hat and Silver 401(k) Profit Sharing Plan & Trust; Joseph Aaron; and the Brown Investment Fund filed a Motion to Dismiss the above matter for lack of personal jurisdiction and failure to state a claim. On July 19, 2010 Defendants sent a letter to the Court requesting that their motion to dismiss be granted on the ground that Plaintiff Faye B. Feinstein had failed to respond to their motion to dismiss within the time allowed under the local rules. Defendants then e-filed a proposed order dismissing the case in the electronic case file. On the same date, Plaintiff filed two briefs opposing the motion to dismiss, the first of which argues that her response to the Defendants' motion is timely. I agree and,

rather than await further briefing on the issue, will deny the request to grant the motion for failure to timely respond at this point.

Under Civil L. R. 7(b), Plaintiff had 21 days from service of the Motion to Dismiss to file a responsive pleading. But because service on Plaintiff was by electronic means, three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d). In addition, the day of service is excluded, Fed. R. Civ. P. 6(a)(1)(A), and if the last day falls on a weekend or legal holiday, the period continues to run until the next day that is not a legal holiday or weekend. Fed. R. Civ. P. 6(a)(1)(C). Under these rules, Plaintiff's response was due on July 19, 2010, the day it was filed. It was thus timely, and even if it was a day late, the Court would be disinclined to impose such a drastic sanction as dismissal. Defendants' request that their motion to dismiss be granted on the ground that Plaintiff failed to file a timely response is therefore **DENIED**. The motion remains pending and will be addressed after the time for Defendants' reply expires.

**SO ORDERED** this   21st   day of July, 2010.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge